LEWIS CHOATE v. THE STATE.

No. 18428. Delivered June 17, 1936.
Rehearing Denied (Without Written Opinion) October 21, 1936.

148

The opinion states the case.

*C. A. Holloway,* of Clarksville, and *R. E. Eubank,* of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The indictment under which appellant was tried and convicted charges the offense of sodomy, and contains averments showing that he has been previously convicted of two felonies less than capital. Because of repetition of offenses, the penalty assessed was confinement in the state penitentiary for life.

Appellant's first contention is that the court erred in not granting him a postponement of his trial until his attorneys, R. E. Eubank and H. L. Jones, arrived. The court qualified said bill of exception and in his qualification certifies that said attorneys had not advised the court they represented defendant, never appeared at any time during the trial, did not file any motion for a new trial, have never advised the court they had any connection with the case. The bill as thus explained by the court's qualification fails to show any error.

By bill of exception number two appellant complains of the action of the court in appointing a person who was not an official court reporter to report and transcribe the testimony. It appears that the statement of facts in this case was agreed to and filed by appellant as a true and correct statement of all the facts proven at the trial. This being true appellant has failed to show that injury resulted to him from the court's action. Hence we overrule his contentions.

By bills of exception numbers three and four appellant

complains because the court permitted the State to introduce as evidence the judgment of conviction in causes No. 9485 and 9835, styled the State of Texas v. Lewis Choate, as the same appeared on the minutes of said court. This was admissible under the allegation in the indictment that appellant had theretofore been convicted of felonies less than capital.

We have carefully gone over the testimony and believe that it is sufficient to sustain the conviction.

No objections were made to the court's charge within the time prescribed by law.

No error appearing in the record, the judgment of conviction is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.